UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

JESUS RODRIGUEZ, MELVIN GUSTAVO
GOMEZ RAMIREZ, ROCAEL ARTURO
BATEN MIRANDA, *individually and on
behalf of others similarly situated*,

                      Plaintiffs,

      – against –

AL HORNO LEAN MEXICAN KITCHEN 57
INC., d/b/a AL HORNO LEAN MEXICAN
KITCHEN, CHRIS PIZZIMENTI, JOSUE
MARTINEZ, IVAN GOMEZ, GABRIEL
DOE, and EVELYN DOE,

                      Defendants.

**ORDER**

20 Civ. 2115 (ER)

───────────────────────────────────────

Ramos, D.J.:

     Jesus Rodriguez, Melvin Gustavo Gomez Ramirez, and Rocael Arturo Baten Miranda brought this collective action on March 10, 2020, against defendants Al Horno Lean Mexican Kitchen 57 Inc. (d/b/a Al Horno Lean Mexican Kitchen), Chris Pizzimenti, Josue Martinez, Ivan Gomez, Gabriel Doe, and Evelyn Doe, alleging violations of the Fair Labor Standards Act ("FLSA"), various provisions of New York Labor Law ("NYLL"), and the supporting New York State Department of Labor regulations. Doc. 1. Plaintiffs allege that Defendants failed to pay the lawful minimum wage, overtime compensation, and spread of hours compensation, failed to provide proper wage notices and wage statements, improperly required them to pay equipment costs without reimbursement, improperly deducted their wages, and failed to pay their wages on a timely basis. Before the Court is the parties' motion for settlement approval. Doc. 50. For the following reasons, the motion for settlement approval is DENIED.

I.  **LEGAL STANDARD**

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  The parties therefore must satisfy the Court that their agreement is "fair and reasonable."  *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted).  In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion."  *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).  Courts may reject a proposed FLSA settlement where the parties do not provide the basis for the recovery figure or documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases.  *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

II.  **DISCUSSION**

   A.  **Range of Recovery**

The proposed settlement agreement provides for a recovery of $25,000.  Doc. 50 at 2. Plaintiffs' counsel will receive approximately one third of the total settlement amount for

attorneys' fees and costs ($8,600). *Id.* at 3. After attorneys' fees and costs, Plaintiffs will receive $16,400.

Plaintiffs estimate that they are entitled to a total of $46,385.45 in back wages and $427,028.79 if they had recovered in full for their claims, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. *Id.* at 1. In support of their calculations, Plaintiffs have included a breakdown of their wages from January 1, 2014 through December 11, 2019, which is "based upon preliminary information and the expected testimony of Plaintiffs" and "was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL." *See* Doc. 50-2 at 1–2. Plaintiffs' calculations resulted in a total amount of $427,028.79. *Id.* at 2. Thus, under the terms of the settlement, Plaintiffs would recover approximately 3.84% of their total recovery. Ordinarily, courts in this District reject agreements that propose settlement amounts that represent a low percentage of a plaintiff's proposed maximum recovery. *See Villanueva v. 179 Third Ave. Rest Inc.*, No. 16 Civ. 8782 (AJN), 2018 WL 3392870, at *2 (S.D.N.Y. July 12, 2018) (rejecting proposed settlement agreement where award to plaintiff represented 5.32% of estimated maximum recovery); *see also Khan v. Young Adult Inst., Inc.*, No. 18 Civ. 2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases of reasonable FLSA settlements ranging from 25% to 40% of plaintiff's maximum recovery).

In the instant case, however, the proposed amount is fair and reasonable. There is value to Plaintiffs receiving a settlement without experiencing the risks and delays inherent in litigation. Furthermore, Plaintiffs' counsel notes that there were contested factual and legal disputes that went to the heart of their claims, that Plaintiffs had no documentary evidence to support their claims, and that Defendants produced records purportedly showing the number of

hours they worked and the wages they received. Doc. 50 at 2. Plaintiffs believe the settlement is reasonable in light of these uncertainties. *Id.*

"Furthermore, the adversarial nature of a litigated FLSA case is typically an adequate indicator of the fairness of the settlement, and '[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.'" *Palma Flores v. M Culinary Concepts, Inc.*, No. 19 Civ. 1229 (ER), 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019) (citation omitted). In light of the aforementioned uncertainties and the risk of litigation, the settlement resolves bona fide disputes and reflects a reasonable compromise that fairly compensates Plaintiffs. *See Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that settlement amount was a "reasonable compromise of disputed issues" (citation omitted)). Finally, this settlement resulted from arm's length negotiations. Doc. 50 at 2.

Accordingly, the Court finds that the proposed settlement amount is fair and reasonable. *See Palma Flores*, 2019 WL 6683827, at *2 (holding that settlement was fair and reasonable where settlement amount was 6.98% of estimated maximum recovery); *Villanueva v. 179 Third Ave. Rest Inc.*, No. 16 Civ. 8782 (AJN), 2018 WL 4100479, at *2 (S.D.N.Y. Aug. 28, 2018) (finding that settlement amount was fair and reasonable where it represented less than 6% of plaintiff's maximum possible recovery).

    **B.**    **Attorneys' Fees & Costs**

The Court finds the proposed attorneys' fees and costs to be reasonable. Plaintiffs' counsel will receive $8,600 for attorneys' fees and costs, which is approximately one third of the settlement. Doc. 50 at 3. This is a reasonable percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at*

*York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted). Nonetheless, "even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Plaintiffs' counsel has submitted billing records for the following individuals: (1) Michael Faillace, the former managing member, billed at a rate of $450 per hour; (2) Gennadiy Naydenskiy, a former associate at the firm, billed at a rate of $350 per hour; (3) Ramsha Ansari, an associate at the firm, billed at a rate of $300 per hour; and (4) paralegals at the firm billed at a rate of $125 per hour. Doc. 50 at 3–4; Doc. 50-3. As to the managing member, courts have held that an hourly rate of $450 is "the prevailing maximum rate in the Southern District." *Ochoa v. Prince Deli Grocery Corp.*, No. 18 Civ. 9417 (ER), 2021 WL 5235222, at *2 (S.D.N.Y. Nov. 8, 2021); *see Ramirez v. AAM Rest. LLC*, No. 20 Civ. 4700 (VSB), 2021 WL 4238170, at *3 (S.D.N.Y. Aug. 2, 2021) (approving proposed hourly rate of $450 for Faillace). Therefore, the Court finds that the managing member's hourly rate of $450 is reasonable.

As to the associates, the Court finds that Naydenskiy's and Ansari's hourly rates of $350 and $300, respectively, are reasonable. *See, e.g.*, *Lopez v. Emerald Staffing, Inc.*, No. 18 Civ. 2788 (SLC), 2020 WL 915821, at *13 (S.D.N.Y. Feb. 26, 2020) ("In this district, courts generally award experienced wage-and-hour attorneys between $300 to $400 per hour."); *Rodriguez v. 3551 Realty Co.*, No. 17 Civ. 6553 (WHP), 2017 WL 5054728, at *3 (S.D.N.Y. Nov. 2, 2017)

5

(stating that although hourly rates of $450 for partners and $350 for associates "are somewhat higher than the presumptively reasonable rates in this District, they are not beyond the pale").

As to the individuals with the initials "PL" who are presumably paralegals based on the work they performed and the rate they billed, Plaintiffs have not stated their relevant experience. "[C]ourts are generally more skeptical of requested hourly rates when the applicant fails to provide information about the backgrounds of the relevant attorneys and paralegals." *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 28 (S.D.N.Y. 2015). Nonetheless, "[h]ourly rates for paralegals of $100 to $150 per hour are typical for awards in this [d]istrict." *Diaz-Caballero v. Midtown Catch Corp.*, No. 18 Civ. 4672 (AT), 2020 WL 8880944, at *2 (S.D.N.Y. Apr. 15, 2020) (alterations in original) (citation omitted) (finding that the unidentified party labeled "PL" was a paralegal and holding that the requested hourly rate of $100 was reasonable); *see also Quic v. Uncle Mario's Brick Over Pizza LLC*, No. 20 Civ. 8712 (RA), 2021 WL 4710794, at *2 (S.D.N.Y. Oct. 7, 2021) (approving proposed hourly rate of $125 for individual with initials "PL" from same firm). Therefore, the Court finds that the paralegals' hourly rate of $125 is reasonable.

The records submitted by Plaintiffs' counsel show that the managing member spent 0.5 hours at a $350 hourly rate and 5.6 hours at a $450 hourly rate, resulting in a lodestar of $2,695; the associate Naydenskiy spent 2.3 hours on the case at a $350 hourly rate, resulting in a lodestar of $805; the associate Ansari spent 3.25 hours on the case at a $300 hourly rate, resulting in a lodestar of $975; and the paralegals spent 0.8 hours on the case at a $125 hourly rate, resulting in a lodestar of $100. Doc. 50-3. Therefore, counsel's total lodestar is $4,575. *Id.* Plaintiffs' counsel seeks $8,600 in attorneys' fees and costs, $400 of which are costs for a filing fee. *See id.* at 2. The lodestar of $4,575, compared to the requested $8,200 of the settlement (net of costs), results in a lodestar multiplier (net of costs) of approximately 1.79. "[A] multiplier near 2

6

should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly, the Court accepts the multiplier of 1.79 and determines $8,200 in attorneys' fees to be reasonable under the circumstances. The Court further finds that the requested costs of $400 are also reasonable.

### C. Other Provisions

The settlement agreement includes a release provision that is broader than what is typically approved in this District. *See* Doc. 50-1 at 2. The provision reads:

> Plaintiffs hereby expressly waive, release, and forever discharge and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiffs at any time has, had, claims or claimed to have against Defendants relating to, or in connection with, any claims under the Fair Labor Standards Act ("FLSA"); any claims under the New York Labor Law ("NYLL"); any claims under the New York Codes, Rules and Regulations, Articles 6, of the New York Labor Law; any claims under [ ] any other federal, state or local wage and hour law; any claims for reimbursement, wages, vacation or other leave time [ ]; any Department of Labor claims as of the Effective Date of this Agreement (which shall be the date that the Court approves the terms of the Agreement).

*Id.*

Some courts in this District have refused to approve settlement agreements containing such overbroad releases. *See Rojas v. Bronx Moon LLC*, No. 17 Civ. 5825 (KMK), 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018) (finding the release of "any and all FLSA claims and NYLL claims of any kind or nature" overbroad, as "it is not expressly limited only to the conduct underlying the claims in this case"); *see also Quic*, 2021 WL 4710794, at *2 ("This release of claims is limited to the wage-and-hour issues asserted in this action or related claims that could

have been asserted."); *Doe v. Solera Capital LLC*, No. 18 Civ. 1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021) ("factors that preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues"). Accordingly, the Court declines to approve this overbroad release, because it waives "any claims" under numerous laws, Doc. 50-1 at 2, including claims unrelated to wage-and-hour issues. *See Nights of Cabiria, LLC*, 96 F. Supp. 3d at 181 (finding that courts typically reject broad releases that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues").

### III.   CONCLUSION

The request for settlement approval is therefore DENIED without prejudice. The parties are therefore instructed to do one of the following by May 26, 2022:

- Submit a revised agreement to the Court. The revised agreement shall remove or tailor the release provision as described in this Order;
- File a joint letter that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will reopen the case and set down a date for a pre-trial conference; or
- Stipulate to dismissal of the case without prejudice, which the Court need not approve under current Second Circuit case law. *See Cheeks*, 796 F.3d at 201 n.2.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 50.

It is SO ORDERED.

Dated:   May 12, 2022
         New York, New York

                                              _____
                                              EDGARDO RAMOS, U.S.D.J.